## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| MERLIN NEBENDAHL, <br><br> Plaintiff, <br><br> v. <br><br> HARBOR FREIGHT TOOLS USA, INC. <br><br> Defendant. | CASE NO.: <br><br> **ORIGINAL NOTICE** |

TO: THE ABOVE-NAMED DEFENDANTS

    YOU ARE NOTIFIED that a Petition has been filed in the office of the clerk of this court, naming you as a Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiff are Jon A. Vasey and Joshua R. Strief, whose address is 700 Second Avenue, Des Moines, Iowa 50309. The attorneys' telephone number is (515) 243-1914; facsimile number (515) 243-2235.

    You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Linn County, at the courthouse in Cedar Rapids, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

### IMPORTANT

### YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

# Iowa Judicial Branch

Case No. **LACV100833**
County **Linn**

Case Title **MERLIN NEBENDAHL VS HARBOR FREIGHT TOOLS USA INC**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 398-3920**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

Date Issued **10/05/2022 11:53:32 AM**



District Clerk of Court or/by Clerk's Designee of Linn County
**/s/ Cynthia Line**

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| MERLIN NEBENDAHL, <br><br> Plaintiff, <br><br> v. <br><br> HARBOR FREIGHT TOOLS USA, INC. <br><br> Defendant. | CASE NO.: <br><br><br> **PETITION AT LAW** <br> **JURY DEMAND** |

**COMES NOW** the Plaintiff, Merlin Nebendahl, by and through his attorneys, Jon A. Vasey and Joshua R. Strief of Elverson Vasey, and for his cause of action against the Defendant, Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight"), and in support of his Petition at Law and Jury Demand, respectfully states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and resident of Cedar Rapids, Linn County, Iowa.

2. Defendant, Harbor Freight, is and at all times mentioned in this Petition was a corporation incorporated in Delaware with its principal place of business in California.

3. At all times mentioned in this petition, Defendant, Harbor Freight was involved in the design, manufacturing, assembling, distribution, and/or selling of portable generators.

4. At all times mentioned in this petition, Defendant, Harbor Freight's portable generators were sold throughout the United States, including the state of Iowa.

5. The facts giving rise to this lawsuit materially occurred in Linn County, Iowa.

6. Plaintiff's damages in the above-referenced matter exceed this Court's minimal jurisdictional amount.

## STATEMENT OF FACTS

7. Sometime prior to August 11, 2020, Defendant, Harbor Freight, designed, manufactured, assembled, imported, distributed, and/or sold a portable generator (hereinafter "Defendant's Generator") that would come to be owned by Plaintiff, Merlin Nebendahl.

8. Sometime before August 11, 2020, Plaintiff purchased Defendant's Generator and used it at Plaintiff's home at 4812 Fruitwood LN NW, Cedar Rapids, IA 52405 (hereinafter "Plaintiff's Home").

9. On August 11, 2020, Defendant's Generator caused a fire at Plaintiff's home.

10. The August 11, 2020 fire damaged Plaintiff's property and caused Plaintiff to incur debris removal and other related costs and expenses.

11. The August 11, 2020 was a result of Defendant, Harbor Freight's inadequate instructions or warnings concerning Defendant's Generator.

## COUNT I
## INADEQUATE INSTRUCTIONS OR WARNINGS

12. Plaintiff repeats and realleges paragraphs 1-11 and incorporates the same by reference herein.

13. Defendant, Harbor Freight, sold or distributed Defendant's Generator.

14. Defendant, Harbor Freight, was engaged in the business of selling or distributing Defendant's Generator.

15. The foreseeable risks of harm posed by Defendant's Generator could have been reduced or avoided by the provision of reasonable instructions or warnings, including but not limited to instructions or warnings concerning clearance of Defendant's Generator from combustibles surfaces.

16. The omission of the instructions or warnings renders Defendant's Generator not reasonably safe.

17. The risk to be addressed by the instructions or warnings was not obvious to, or generally known by, foreseeable product users.

18. The omission of the instructions or warnings was a cause of the August 11, 2020 fire and resulting damages to Plaintiff's Home and other property, including debris removal and other related expenses.

19. Plaintiff had not misused or otherwise improperly operated Defendant's Generator and had done nothing to improperly alter Defendant's Generator.

**WHEREFORE**, Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT II
## POST-SALE DUTY TO WARN

20. Plaintiff repeats and realleges paragraphs 1-19 and incorporates the same by reference herein.

21. Defendant, Harbor Freight, knew or should have reasonably known Defendant's Generator posed a substantial risk of harm to persons or property, including Plaintiff's Home and other property.

22. Defendant, Harbor Freight, was able to identify those to whom a warning should have been provided and it may reasonably be assumed those persons were unaware of the risk of harm.

23. A warning could have been effectively communicated to and acted on by those to whom a warning might be provided.

24. The risk of harm was sufficiently great to justify the burden of providing the warning.

25. The failure of Defendant, Harbor Freight, to provide said warning was a cause of the August 11, 2020 fire and resulting damages to Plaintiff's Home and other property, including debris removal and other related expenses.

**WHEREFORE,** Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiff repeats and realleges paragraphs 1-25 and incorporates the same by reference herein.

27. At the time Plaintiff purchased Defendant's Generator, Defendant, Harbor Freight by virtue of Iowa Code § 554.2314, impliedly warranted Defendant's Generator was merchantable and fit for the ordinary purpose for which it was being sold to Plaintiff.

28. Pursuant to Iowa Code § 554.2314, in order for the goods to be merchantable, they must:

    a) pass without objection in the trade under the contract description;

    b) be of fair average quality within the description; and

    c) be fit for the ordinary purposes for which they are used.

29. The basis of this bargain which induced Plaintiff to purchase Defendant's Generator was the implied warranty of merchantability as set forth above.

30. Defendant, Harbor Freight, knew, or in the exercise of reasonable care should have known, that except for the implied warranty described above, Plaintiff would not have purchased the Defendant's Generator.

31. Defendant's Generator was not merchantable as impliedly warranted by Defendant.

32. Defendant's Harbor Freight's breach of the implied warranty of merchantability was a cause of the August 11, 2020 fire and resulting damages to Plaintiff's Home and other property, including debris removal and other related expenses.

**WHEREFORE**, Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

33. Plaintiff repeats and realleges paragraphs 1-32 and incorporates the same by reference herein.

34. Defendant, Harbor Freight, was notified and knew the purpose for which Defendant's Generator was purchased and then and there warranted the same to be fit and proper for such purpose.

35. Plaintiff relied on the warranty and attempted to use Defendant's Generator for the purpose aforesaid, but the same was defective as to be utterly unfit for its particular purpose.

36. As a direct and proximate result of Defendant, Harbor Freight's breach of implied warranty of fitness for particular purpose described above, Plaintiff suffered damages to Plaintiff's Home and other property, including debris removal and other related expenses.

**WHEREFORE**, Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT V
## NEGLIGENCE

37. Plaintiff repeats and realleges paragraphs 1-36 and incorporates the same by reference herein.

38. Defendant so negligently and carelessly designed, manufactured, constructed, assembled, imported, distributed, and sold Defendant's Generator that it was dangerous and unsafe for its intended use.

39. Defendant, Harbor Freight, was negligent in failing to warn Plaintiff of the considerable risks involved with the use of Defendant's Generator.

40. The occurrence at issue was such that in the ordinary course of events the harm would not have been done if reasonable care had been exercised by Defendnat, Harbor Freight, in control of Defendant's Generator.

41. As a direct and proximate result of Defendant, Harbor Freight's negligence, including but not limited to that set forth above, Defendant's Generator caused the aforementioned August 11, 2020 fire at Plaintiff's Home and resulting damages to Plaintiff's Home and other property, including debris removal and other related expenses

42. Plaintiff had not misused or otherwise improperly operated Defendant's Generator and had done nothing to substantially alter Defendant's Generator after its purchase.

**WHEREFORE,** Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## COUNT VI
## DESIGN DEFECT

43. Plaintiff repeats and realleges paragraphs 1-42 and incorporates the same by reference herein.

44. At all times mentioned in this petition, Defendant's Generator and its component parts were defective as to design, causing Defendant's Generator and its component parts to be in a defective condition, and therefore, rendering Defendant's Generator not reasonably safe.

45. Defendant's Generator was expected to and did reach Plaintiff without substantial change in its condition.

46. The defect described above was not the result of any accident, misuse, or negligence on the part of Plaintiff, alterations, or any other cause that would negate the liability of the Defendant, Harbor Freight, as set forth below.

47. The risks of harm presented by the defectively designed Defendant's Generator could have been reduced or avoided by the adoption of a reasonable alternative design, such that the omission of this alternative design rendered Defendant's Generator not reasonably safe.

48. The defective design and dangerous condition of Defendant's Generator and its component parts was a cause of the August 11, 2020 fire at Plaintiff's Home and resulting damages to Plaintiff's Home and other property, including debris removal and other related expenses

**WHEREFORE,** Plaintiff, Merlin Nebendahl, prays for judgment against Defendant, Harbor Freight, in an amount exceeding the jurisdictional limit of the small claims division and which will be proven at trial, including but not limited to compensatory damages in all and such amounts that will make him whole and fully and fairly compensate him for the losses he has suffered, and pray for an award of costs and expenses, interest allowed by law, and for such other relief as the court deems just and equitable.

## JURY DEMAND

COMES NOW the Plaintiff, Merlin Nebendahl, and hereby demands trial by jury on all issues presented in the above-captioned action.

                    ELVERSON VASEY

BY: _____
Jon A. Vasey, AT0008142
Joshua R. Strief, AT0012392
700 Second Ave.
Des Moines, IA 50309
Telephone (515) 243-1914
Facsimile (515) 243-2235
jon.vasey@elversonlaw.com
joshua.strief@elversonlaw.com
ATTORNEYS FOR PLAINTIFF

Original filed.